UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA RECYCLING & RENEWABLE FUELS, LLC d/b/a ILLINOIS RECYCLING & RENEWABLE FUELS,<br><br>          Plaintiff,<br><br>v.<br><br>EARTH MANAGEMENT SERVICES OF ILLINOIS, INC.; CHICAGO HEIGHTS LAND MANAGEMENT, INC.; and ROBERT FOX,<br><br>          Defendants. | Case No. 2:16-cv-272 |

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

COMES NOW, Plaintiff, INDIANA RECYCLING & RENEWABLE FUELS, LLC d/b/A ILLINOIS RECYCLING & RENEWABLE FUELS (hereinafter, "IRRF"), by and through counsel, Hinshaw & Culbertson LLP, and requests this Court deny Defendants' Motion to Dismiss [Dkt. 16].[1]  In support of its Response, IRRF states as follows:

Defendants' Motion to Dismiss states as follows:

**I.    STATEMENT OF PROCEDURAL HISTORY AND MATERIAL FACTS**

Count I of Plaintiff's Complaint, which was attacked in pages 3-8 of Defendants' Brief in Support of its Motion to Dismiss [Dkt. 17] was, by stipulation, dismissed and approved as such by this Court by order dated October 11, 2016 [Dkt. 21].  As such, that portion of Defendants'

---

[1] Defendants attach to their Motion to Dismiss certain Exhibits which were not a part of Plaintiff's Complaint for Damages [Dkt. 1] in this matter.  In that regard, this Court could treat Defendants' Motion as one for summary ruling under Fed. R. Civ. P. 56.  If this Court is inclined to so treat Defendants' Motion, Plaintiff should be granted additional time to respond to such Motion for purposes of identifying, gathering, and designating evidence in opposition to such Motion.

Motion to Dismiss is hereby moot and in no need of response by Plaintiff.  Count II of Plaintiff's Complaint remains subject to Defendants' Motion to Dismiss.

By its Complaint for Damages, in pertinent part hereto, Plaintiff alleged as follows:

> 13.  Earth Management and Land Management own certain land located at 1301 State Street, Chicago Heights, Cook County, State of Illinois (the "Real Estate").
>
> 14.  Earth Management and Land Management operate under the supervision and direction of Robert Fox.
>
> 15.  IRRF held Certification for Operating a Waste Management Facility at the Real Estate.
>
> 16.  In preparation to doing business at the Real Estate as [a] recycling processing center, IRRF expended energy, time, funds, and costs.

***

> 19.  Land Management refused or otherwise failed to close on the First Real Estate Contract.
>
> 20.  Instead, Land Management extended the closing deadline on the First Real Estate Contract in consideration for IRRF's payment of $50,000.00.
>
> 21.  IRRF, at the time of filing this Complaint for Damages, cannot locate a copy of the extended real estate agreement (the "Second Real Estate Contract"), but attaches hereto, makes a part hereof, and incorporates herein the check paid to Land Management as **Exhibit C** [Attached to Complaint for Damages, [Dkt. 1]].
>
> 22.  Land Management refused or otherwise failed to close on the Second Real Estate Contract.
>
> 23.  Instead, Land Management extended the closing deadline on the Second Real Estate Contract to December 31, 2015 in consideration for IRRF's payment of $50,000.00.
>
> 24.  A copy of the Real Estate Agreement extending the closing deadline and creating additional terms and obligations on IRRF is attached hereto, made a part hereof, and incorporated herein as **Exhibit D** (the "Third Real Estate Contract") [Attached to Complaint for Damages, [Dkt. 1]].

25. A copy of the check paid Land Management under the terms of the Second Real Estate Contract is attached hereto, made a part hereof, and incorporated herein as **Exhibit E** [Attached to Complaint for Damages, [Dkt. 1]].

26. Land Management refused or otherwise failed to close on the Third Real Estate Contract.

27. Instead, Land Management extended the closing deadline of the Third Real Estate Contract up to and including July 5, 2016, a copy of the written agreement among IRRF and Land Management is attached hereto, made a part hereof, and incorporated herein as **Exhibit F** (the "Fourth Real Estate Contract") [Attached to Complaint for Damages, [Dkt. 1]].

28. IRRF paid Land Management $50,000.00 in consideration for the extension, proof of which is attached hereto, made a part hereof, and incorporated herein as **Exhibit G** [Attached to Complaint for Damages, [Dkt. 1]].

29. IRRF demanded the Fourth Real Estate Contract close, but Land Management and Earth Management refuse to honor the Fourth Real Estate Contract.

30. In each instance Land Management refused or otherwise failed to close any real estate contract, Earth Management likewise refused or otherwise failed to facilitate closing of the real estate contracts.

31. Coinciding with the foregoing events, Earth Management and Robert Fox acted in concert to transfer the Certification for Operating a Waste Management Facility originally held by IRRF to its ownership, control, and certification.

32. IRRF never gave authority to transfer the certification to Earth Management.

33. Any transfer purported authorized by IRRF was not executed by an authorized agent of IRRF.

34. Earth Management and Robert Fox knew no authorized person of IRRF approved the transfer of the certification.

35. Notwithstanding, Earth Management and Robert Fox made false statements purporting to act on behalf IRRF to the Illinois Environmental Protection Agency, knowing them to be false, with the intent to induce the Illinois Environmental Protection Agency to act, upon which the Illinois Environmental Protection Agency

reasonably relied and caused IRRF to be stripped of its certification and causing it damages.

36. Earth Management and Robert Fox additionally made false threats, knowing the statements to be false when made, with the intent to induce one M.L. Smith to executed certain documents as purportedly authorized by IRRF, which statement M.L. Smith relied upon to his detriment and that of IRRF causing IRRF damages.

37. Earth Management and Robert Fox's intentional misrepresentations materially interfered with and destroyed certain commitments for business from trash and recycling customers of IRRF who had pledged business with IRRF at the Real Estate.

*\*\*\**

40. Earth Management and Robert Fox made false or misleading statements, knowing them to be false (or at least made in reckless disregard of their falsity), with the intent that one would rely on said false statements, upon which persons did rely to the detriment of IRRF.

41. Earth Management and Robert Fox perjured themselves to the Illinois Environmental Protection Agency with the intent to deceive the Illinois Environmental Protection Agency and induce them to act in such a way that stripped IRRF of its Certification for Operating a Waste Management Facility.

42. The Illinois Environmental Protection Agency reasonably relied upon the statements by Earth Management and Robert Fox, inducing it to strip IRRF of its certification.

43. Earth Management and Robert Fox's activity described in this Complaint for Damages prevented IRRF from successfully establishing a business relationship with those who have pledged business to IRRF at the Real Estate.

44. Earth Management's misrepresentations and tortious conduct caused damage to IRRF.

45. Robert Fox's misrepresentations and tortious conduct caused damage to IRRF.

[Dkt. 1].

4

## II. STANDARD OF REVIEW ON MOTION TO DISMISS[2]

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) alleges a failure to state a claim upon which relief may be granted.  The purpose of a motion to dismiss for failure to state a claim stands to test the sufficiency of the pleading, not the merits of the case. *Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the wrongdoing. *Id*.  Accepting all factual allegations in the complaint as true, dismissal of a claim under Rule 12(b)(6) is proper only where it appears beyond doubt that there is no set of facts consistent with the allegations that would entitle the plaintiff to relief. *Hison v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Roundtree v. Krueger*, 2010 WL 4975498, 1 (N.D. Ind. Dec. 1, 2010); *Nuzzi v. Coachmen Industries, Inc.*, 2009 WL 3851364, 3 (N.D. Ind. Nov. 16, 2009).

"Thus, the issue in a Rule 12(b)(6) motion is 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Roundtree*, 2010 WL 4975498, 1 (N.D. Ind. Dec. 1, 2010), *quoting*, *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997).  In claims of fraud or misrepresentation, the pleader is required to allege in its complaint, not prove by its complaint, those particular circumstances constituting fraud or misrepresentation.  Fed. R. Civ. P. 9(b).  A plaintiff claiming fraud or mistake must do more pre-complaint investigation to assure that the claim is responsible and

---

[2] Defendants' argument that Illinois law somehow applies to this litigation is unpersuasive.  The thrust of Defendants' argument stems from choice of law provisions found in contracts no longer material to this litigation, as any dispute arising from such contracts has been dismissed by stipulation.

supported, rather than defamatory and extortionate. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 2005).

**III.    ARGUMENT**

IRRF's Complaint for Damages withstands the scrutiny of Defendants' Motion to Dismiss, which Motion should be denied.

### A.    IRRF's Complaint Clearly, and with Particularity, Alleges Fraud Against Defendants in Compliance with Pleading Requirements of Fed. R. Civ. P. 9(b).

IRRF has certainly alleged, with sufficient particularity, its fraud claim against Defendants. By the allegations of its Complaint, IRRF clearly shows this Court the misgivings, misdirection, and misrepresentations made by Defendants, one or all of them, in concocting and carrying out a plan to defraud IRRF. While IRRF entered into contracts with Defendants for the purchase and sale of the real property subject to this litigation, while IRRF paid $200,000.00 over a course of time to keep the opportunity to purchase Defendants' real property open, while IRRF expended costs, expenses, and fees related to site preparation and Illinois Environmental Protection Agency ("IEPA") permitting, the circumstances and repeated offenses IRRF alleges in its Complaint more than evidences Defendants' ultimate ploy to strip IRRF of the opportunity to purchase the subject real property concurrent to fraudulently transferring the IEPA permits unto themselves.

While Defendants would like to term the allegations cited above as mere conclusory statements and lacking of substance, to do so would be to ignore the import of Defendants' actions over the course of years, and the fruition of the ultimate plan to sell the property from under IRRF, permits in-hand. The only means by which Defendants were able to do so were though fraudulent measures IRRF clearly alleges by its Complaint for Damages.

Defendants additionally try to wiggle away from liability by requiring Plaintiff to separate and piecemeal those representations constituting fraud attributable to each Defendant. Defendant Robert Fox is the CEO, President, or highest ranking officer of Earth Management and Chicago Heights Land Management. Through him all fraud was perpetrated, whether in his official or individual capacities. He is the face of each corporate defendant, and, therefore, unlike the separate and distinct defendants in *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771 (7th Cir. 1994). Moreover, IRRF alleges misrepresentations by specifically-named corporate defendants and Robert Fox. Nowhere in the Complaint for Damages appears the term "Defendants" as a group of actors (other than in the paragraphs requesting relief from all Defendants). The allegations are specific to each Defendant, and IRRF refrained from grouping them together as a single actor. Each Defendant, then, corporate or individual, was placed on notice of that particular act it committed in fraud against IRRF. Thus, IRRF's Complaint for Damages, with specificity and that particularity contemplated under Fed. R. Civ. P. 9(b), alleges actionable fraud against each Defendant entitling IRRF to relief. Defendants' Motion to Dismiss should be denied.

  **B.**   **IRRF Makes and Maintains its Claim for Tortious Interference with Business Relations**

IRRF was damaged by Defendants' actions which, as a result of their tortious nature, induced prospective IRRF vendors or customers not to do business with IRRF to IRRF's financial injury. A claim for tortious interference with business relationship or expectancy does exists where IRRF can show "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship through some independent unlawful acts; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *Heckler &*

7

*Koch, Inc. v. German Sport Guns GmbH*, 976 F. Supp. 2d 1020, 1036 (S.D. Ind. 2013), see also *LoggerHead Tools, LLC v. Sears Holding Corporation*, 19 F.Supp.3d 775 (N.D. Ill. 2013). IRRF pleaded with particularity that had it not been for Defendant Robert Fox, purporting perjuriously to be the Manager of Plaintiff [Dkt. 17, Exh. 13] in transfer documents before the IEPA, IRRF would have maintained the ongoing right to develop an recycling and waste processing facility at the subject real property and apply for operation of same.  Due to the actions of Robert Fox, individually, and in concert with Earth Management Services of Illinois [Dkt. 17, Exh. 13] and Chicago Heights Land Management [Dkt. 17, Exh. 14], on fraudulent documents filed with the IEPA, the IEPA would have preserved IRRF's right to develop and apply to operate its recycling and waste processing business at the subject real property.  As a result of each Defendant's particular participation in perpetrating the fraud, each of them and in concert, IRRF suffered damages, allegations supporting which were clearly denoted by IRRF's Complaint for Damages.  Defendants' Motion to Dismiss IRRF's claim for tortious interference should be denied.

## C.   IRRF is Entitled to Maintain its Equitable Claims

To say that the IEPA mistakenly issued a permit fraudulently stripped from IRRF by Defendants is not a defense to this Court compelling IRRF to work in accord with IRRF to transfer the permit back to IRRF.  Even if the IEPA issued the permit at issue mistakenly, which it did not, IRRF is not compelled to join the IEPA in this action where the Court may compel Defendants to execute any and all documents and cooperate in any procedure or proceedings to transfer the permit back to IRRF.  Discovery in this matter may determine that Defendants, and each of them, were aware of the requirement that the applicant for a development IEPA permit be the owner of the proposed real estate development site.  It may very well have been Defendants' goal and purpose from the onset to allow IRRF to undertake such expense, sweat

equity, toil, and effort to prepare the site and obtain proper permitting for development only to pull the plug on IRRF last minute in Defendants' favor.  That is a question left for discovery, but certainly a point of contention based on the argument made by Defendants here.

IRRF does not specifically request the IEPA to act in any capacity, but rather that Defendants right its wrong, so to speak.  In the event compulsion of Defendants to execute documents to, and cooperate in the process of, transferring the permits back to IRRF is not an available remedy, then this Court will award monetary damages to compensate IRRF for its losses.  Until that determination is made, however, IRRF's alternative claim for equitable relief should stand, and Defendants' effort to dismiss it should be rejected.  None of the remaining argument to support Defendants' Motion to Dismiss is material to an attack on the legal sufficiency of IRRF's Complaint for Damages.  Rather, it goes to the heart of the matter, the merits of IRRF's claims – a reach well beyond the borders of an effort to dismiss under Fed. R. Civ. P. 12(b)(6).

**IV.    CONCLUSION**

For all the foregoing reasons, INDIANA RECYCLING & RENEWABLE FUELS, LLC d/b/a ILLINOIS RECYCLING & RENEWABLE FUELS, by and through counsel, respectfully request this Court deny Defendants' Motion to Dismiss [Dkt. 16] in its entirety and allow the Parties to continue in its course of proceedings on the merits of the Complaint for Damages [Dkt. 1], or, in the alternative, grant INDIANA RECYCLING & RENEWABLE FUELS, LLC d/b/a ILLINOIS RECYCLING & RENEWABLE FUELS an opportunity to amend its Complaint for Damages, and for any and all other relief just and proper in the premises.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

By:  /s/ John R. Terpstra
      John R. Terpstra (27362-64)
      Attorneys for Plaintiff, INDIANA RECYCLING & RENEWABLE FUELS, LLC d/b/a ILLINOIS RECYCLING & RENEWABLE FUELS
      322 Indianapolis Blvd., Suite 201
      Schererville, IN 46375
      Phone No.: 219-864-5051
      Fax No. 219-864-5052
      E-mail Address: jterpstra@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on the 12th day of October, 2016, a copy of the foregoing pleading was made upon each attorney listed below via the Court's Electronic Filing System.

/s/     John R. Terpstra

Daniel V. Kinsella
David M. Giangrossi
Parker Lawton
SCHUYLER ROCHE CRISHAM, P.C.
Two Prudential Plaza
180 N Stetson Avenue
Suite 3700
Chicago, IL 60601
DKinsella@SRCAttorneys.com
DGiangrossi@SRCAttorneys.com
PLawton@SRCAttorneys.com

25430523v1 0987241 2580